UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
---------------------------------------------------------

|  |  |  |
|---|---|---|
| | : | |
| WALDEMAR WASNIEWSKI, | : | CASE NO. 5:06-CV-2548 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 25] |
| MONIKA GRZELAK-JOHANNSEN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the motion of Petitioner

Waldemar Wasniewski ("Wasniewski"), for appointment of a guardian *ad litem* for his minor child,

Pawel Wasniewski ("Pawel"), in this Hague Convention action.  [Doc. 25.]  Respondent Monika

Grzelak-Johannsen ("Johannsen"), Pawel's mother who brought him from his native Poland to

Nebraska without the permission of Wasniewski, does not object to the appointment of a guardian

*ad litem* subject to certain conditions. [Doc. 28.]

For the reasons presented below, the Court **GRANTS** Wasniewski's motion for appointment

of a guardian *ad litem* subject to conditions discussed in this Opinion and imposed by this Order.

**I.  Background**

Petitioner Wasniewski brings this action pursuant to the Convention on the Civil Aspects of

International Child Abduction (commonly "Hague Convention"); the International Child Abduction

Remedies Act, 42 U.S.C. §§ 11601-11610; the Uniform Child Custody Jurisdiction and Enforcement

Act; Ohio Revised Code §§ 3127.01-3127.53 and other Ohio law; and, Polish law.  [Doc. 1.]

-1-

Case No. 5:06-CV-2548
Gwin, J.

On June 5, 1993, Petitioner Wasniewski and Respondent Johannsen married in Poland. *Id.*
On March 25, 1994, the couple bore Pawel. *Id.* On February 18, 2003, the couple divorced. *Id.*
On October 31 or November 1, 2004, Johannsen took Pawel from her mother's house in Inowroclaw
and to Amsterdam and then to Minnesota. *Id.* Once in the United States, Johannsen remarried,
moved to Maryland, then Ohio, and now lives with Pawel in Nebraska. [Docs. 1, 29.]

With this action, Wasniewski seeks the return of Pawel, thirteen years old, to his custody in
Poland. [Docs. 1, 25, 29.] According to Wasniewski, the Polish court's divorce decree granted him
parental authority over Pawel. [Doc. 1.] Johannsen admits that she took Pawel from Poland
without Wasinewski's prior knowledge or permission. [Doc. 3.] However, Johannsen contests the
illegality of her removal of Pawel to – and retention in – the United States. *Id.* Thus, Johannsen
counterclaims to retain custody of Pawel in the United States. *Id.*

In the instant motion, Wasniewski asks the Court to appoint a guardian *ad litem* for Pawel.
[Doc. 25.] Johannsen does not oppose Wasniewski's motion, but seeks to impose certain conditions
upon the appointment. [Doc. 28.] Of relevance to this motion, Johannsen asks that the Court
appoint an "experienced domestic relations lawyer practicing in Cleveland, Ohio" in the dual
capacity of guardian *ad litem* and attorney for Pawel. *Id.* Johannsen would like the guardian-
attorney to investigate Pawel's "best interests" under Ohio's domestic relation laws, although this
type of inquiry generally goes well-beyond the Court's jurisdiction under the Hague Convention.
*Id.* Finally, Johannsen asks that the Court require Wasniewski to pay the costs associated with the
appointment of the guardian *ad litem. Id.*

The Court considers and determines Johannsen's conditions as relevant to this motion.

## II.  Legal Standard

-2-

Case No. 5:06-CV-2548
Gwin, J.

The United States' International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-11610,

ratifies the Hague Convention and gives a United States district court jurisdiction over this action.

*See* 42 U.S.C. § 11603(a).  Pursuant to the Hague Convention, a district court may determine the

merits of an abduction claim, but not the merits of the underlying custody claim.  *See Friedrich v.*

*Friedrich*, 78 F.3d 1060, 1063-64 (6th Cir. 1996) (instructing that "a court in the abducted-to nation

has jurisdiction to decide the merits of an abduction claim, but not the merits of the underlying

custody dispute.  The Hague Convention is generally intended to restore the pre-abduction status

quo and to deter parents from crossing borders in search of a more sympathetic court").

Under Ohio law, a "court shall appoint a guardian *ad litem* to protect the interests of a child

. . . when . . . [t]he interests of the child and the interests of the parent may conflict . . . [or

a]ppointment is otherwise necessary to meet the requirements of a fair hearing."  OHIO JUV. R.

4(B)(2), (8).  Ohio law also provides that "[w]hen the guardian *ad litem* is an attorney admitted to

practice in this state, the guardian may also serve as counsel to the ward providing no conflict

between the roles exist[s]."  *Id.* at 4(C)(1).  In Ohio, a court may abuse its discretion by failing to

appoint or inquire into the necessity of a guardian *ad litem* if there may exist a conflict of interest

between a minor and his legal guardians.  *In re Slider*, 826 N.E.2d 356 (Ohio Ct. App. 2005).

The International Child Abduction Remedies Act requires any court ordering the return of

a child under the Hague Convention to award fees and costs to the successful party unless such

order would be "clearly inappropriate."  42 U.S.C. § 11607(b)(3).

### III.  Analysis

Petitioner Wasniewski and Respondent Johannsen do not dispute the utility of the Court's

appointment of a guardian *ad litem* for Pawel in this case.  The Court finds this request appropriate

Case No. 5:06-CV-2548
Gwin, J.

under the circumstances and pursuant to Ohio law.  Further, the Court finds well-taken the parties'

agreement that the appointed guardian *ad litem* should also act as Pawel's attorney to pursue his

rights as provided under the Hague Convention.

The Court comes to this conclusion upon recognition that, in this action, Pawel's interests

may conflict with those of his parents and a guardian *ad litem* may be necessary to afford him and

his family a fair hearing.  *See* OHIO JUV. R. 4(B)(2), (8).  To this end, the Court instructs Petitioner

Wasniewski and Respondent Johannsen to agree to an attorney located in the Northern District of

Ohio to act in the dual role of Pawel's guardian *at litem* and attorney.  The parties shall then inform

the Court of their agreed-to attorney.  The parties shall also inform the Court if they cannot come

to an agreement and the Court will select local counsel to act as Pawel's guardian *ad litem* and

attorney.

In coming to this finding, the Court agrees with Petitioner Wasniewski that the role of

Pawel's guardian *ad litem* and attorney "is not to help Respondent prove her case and secure the

custody of her child.  Rather, the guardian's role is to objectively ensure that Pawel is represented

within the parameters of the Hague Convention and to communicate his wishes to the Court to the

extent they are relevant." [Doc. 29 at 3.]  Thus, the Court also agrees that Pawel's guardian *ad litem*

need not act as an investigator for the Court pursuant to Ohio Revised Code § 3109.04(C).

The Court takes this position, because, in this action, it generally need not investigate the

"character, family relations, past conduct, earning ability, and financial worth of each parent."  *See*

OHIO REV. CODE ANN. § 3109.04(C).  Instead, the Hague Convention and International Child

Abduction Remedies Act establish the Court's jurisdiction to decide the merits of Petitioner

Wasniewski's abduction claim, but not necessarily the merits of Pawel's underlying custody

Case No. 5:06-CV-2548
Gwin, J.

dispute.  *See Friedrich*, 78 F.3d at 1063-64.  Thus, the Court will allow Pawel's agreed-to guardian

*ad litem* and attorney to assist it in any Hague Convention inquiry, but will not allow the

representative to advocate for Respondent Johannsen.  Relatedly, the Court will not foreclose

receiving Pawel's direct testimony to the extent that it, also, provides insight into the just outcome

of this dispute.

Finally, pursuant to the relevant directive of the International Child Abduction Remedies

Act, the Court defers allocating all of the costs of Pawel's guardian *ad litem* and attorney until the

parties conclude this action.  *See* 42 U.S.C. § 11607(b)(3).  However, the Court directs that the

parties shall each pay one-half of the reasonable "up-front" costs needed to retain Pawel's guardian

*ad litem* and attorney.

### IV.  Conclusion

For these reasons, the Court **GRANTS** Wasniewski's motion for appointment of a guardian

*ad litem* subject to conditions discussed in this Opinion and imposed by this Order.

IT IS SO ORDERED.


Dated: May 16, 2007                              s/         *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE